# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-cv-_____

RONALD DEJEAN,
an individual,

    Plaintiff,
v.

HLM PROTECTIVE SERVICE, INC.,
a Florida profit corporation;
RICHARD MANNINGS, an individual;
and, DIANE MANNINGS, an individual,

    Defendants.
_____/

## ORIGINAL COMPLAINT

Plaintiff, RONALD DEJEAN, ("DEJEAN"), by and through his undersigned counsel, files this action against Defendants, HLM PROTECTIVE SERVICE, INC., a Florida profit corporation, (hereinafter, "HLM"); RICHARD MANNINGS, an individual; and, DIANE MANNINGS, an individual, (all Defendants collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. This is a proceeding against Defendants for monetary damages to redress the deprivation of rights secured to Plaintiff under the overtime wage provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA").

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## VENUE

3. The venue of this Court over this controversy is based on the following:

1

a. The unlawful employment practice alleged below occurred and/or were committed within Dade and Broward counties, Florida;

b. Defendants were and continue to be a Florida corporation and individuals doing business within the Southern District of Florida; and,

c. Upon information and belief, the individual Defendants are residents of Dade County, Florida.

## **CONDITIONS PRECEDENT**

4. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## **PARTIES**

5. At all times material hereto, DeJean did and continues to reside within the Southern District of Florida, and is in fact a resident of Dade County, Florida.

6. Defendants are a Florida corporation and two individual Florida residents, all of whom, at all times material, conducted substantial and continuous business in the Southern District of Florida, and are subject to the laws of the United States and of the State of Florida.

7. At all times material hereto, all of the Defendants each and collectively constituted an "employer" within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

8. At all times material hereto, DeJean was an "employee" of Defendants within the meaning of the FLSA.

9. At all times material hereto, Defendant HLM was and continues to be a corporation organized under the laws of the State of Florida.

10. At all times material hereto, Defendants were engaged in providing security services at various sites within the Southern District of Florida.

11. At all times material hereto, the corporate Defendant was an "enterprise" engaged in interstate commerce pursuant to 29 U.S.C. § 203(r) and (s) of the Fair Labor Standards Act.

12. During all times relevant to this action, DeJean was a non-exempt employee of Defendants who was subject to the payroll practices and procedures described herein and worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

13. At all times material hereto, Defendant HLM was an employer(s) authorized to do business and doing business in Florida, with a place of business in Dade County, Florida and at all times relevant was an "employer" with the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times material hereto, Defendants regularly owned and operated a business engaged in commerce as defined in 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203 (s).

15. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, Defendant HLM was and continues to be, an enterprise "engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, annual gross revenue of Defendant HLM was in excess of $500,000 per annum during the relevant time periods.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

19. At all times material hereto, the individual Defendants owned, operated, and controlled the corporate Defendant as well as how Plaintiff and others were compensated and is therefore an "employer" within the meaning of the FLSA.

20. This Complaint seeks to hold the Defendants liable for violations of wage and hour provisions of the Fair Labor Standards Act because at all times material to this Complaint, the Defendants failed to comply with 29 U.S.C. § 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay FLSA-mandated minimum wages and overtime wages.

## **STATEMENT OF FACTS**

21. Within the past three (3) years, Plaintiff worked for the Defendants as a non-exempt security guard at various sites in south Florida.

22. Defendants owned and operated the business during the relevant period. Plaintiff's employment commenced in our around September, 2016 and appears to have concluded in June, 2017.

23. In the course of his employment with Defendants, Plaintiff worked the number of hours required of him, but was not paid time and one-half for all hours and parts of hours worked in excess of forty (40) during a workweek.

24. Specifically, at all times relevant to this Complaint, Defendants deliberately implemented a policy whereby DeJean was to receive no overtime wages.

25. Defendants were aware that Plaintiff was working in excess of forty (40) hours during a workweek.

26. Defendants' wrongful actions deprived Plaintiff of FLSA-mandated overtime wages.

27. has retained the undersigned legal counsel to prosecute this action on his behalf, and has agreed to pay them a reasonable fee for their services.

28. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I

### VIOLATION OF 29 U.S.C. §207:
### FAILURE TO PAY FLSA-MANDATED OVERTIME COMPENSATION
### (Against All Defendants)

29. DeJean re-alleges and re-avers paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. DeJean was entitled to be paid at the rate of time and one-half of his effective hourly rate for the hours that he worked in excess of the maximum hours provided for in the FLSA.

31. Due to intentional, willful, and unlawful acts of Defendants, DeJean has suffered damages in lost compensation for the time he worked over forty (40) hours per week without receiving overtime compensation, plus liquidated damages.

32. DeJean is entitled to an award of his reasonable attorneys' fees and cost pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff DeJean respectfully request that a judgment be entered in his favor against Defendants:

    a. Declaring that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation and an equal amount as liquidated damages;

c. Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff post-judgment interest and;

e. Ordering any other relief that this Court deems just and proper.

a. Awarding Plaintiff his owed minimum wage compensation and an equal amount as liquidated damages;

b. Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

c. Awarding Plaintiff post-judgment interest and;

d. Ordering any other relief that this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury for all counts so triable by right.

Dated: June 29, 2017  Respectfully submitted,
Boca Raton, Florida

BY: s/Dion J. Cassata
Dion J. Cassata
Fla. Bar No. 672564
*dion@cassatalaw.com*

CASSATA LAW, P.A.
Boca Crown Centre
7999 N. Federal Highway
Suite 200
Boca Raton, Florida 33487

Telephone: (954) 364-7803
Facsimile: (954) 251-4787

*Counsel for Plaintiff*