United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ronald DeJean, Plaintiff,<br>v.<br>HLM Protective Service, Inc. and<br>others, Defendants. | )<br>)<br>) Civil Action No. 17-61291-Civ-Scola<br>)<br>) |

### **Order Granting the Defendants' Motion To Dismiss**

Plaintiff Ronald DeJean brings this suit for violations of the Fair Labor Standards Act ("FLSA"). DeJean alleges that, from September 2016 through June 2017, he was employed by the Defendants as a security guard at various sites in South Florida. (Compl. ¶ 21, ECF No. 1.) DeJean alleges that he worked in excess of forty hours per week, but was not paid overtime wages. (*Id.* ¶ 23.) This matter is before the Court on the Defendants' Motion to Dismiss (ECF No. 13). For the reasons set forth below, the Court **grants** the motion to dismiss.

1. **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which

includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

### 2. Analysis

The FLSA requires an employer to pay its employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *see also* 29 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis*, 662 F.3d at 1298; *see also* 29 U.S.C. § 216(b). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. This requires a showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case, a showing that may be made one of two ways—individual coverage or enterprise coverage. *Id.*

"An employee is subject to individual coverage if he is *directly* and *regularly* 'engaged in' interstate commerce." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1315 (11th Cir. 2011) (emphasis in original) (citing *Thorne v. All Restoration Servs. Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006)). Thus, an employee must allege that he was "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne,* 448 F.3d at 1266 (citations omitted).

Here, the Plaintiff alleges that he worked "as a non-exempt security guard at various sites in South Florida," and that he was "'engaged in commerce' within the meaning of the FLSA." (Compl. ¶¶ 15, 21.) These allegations do not include sufficient information for the Court to infer that the Plaintiff directly participated in the actual movement of persons or things in interstate commerce. *See Thorne,* 448 F.3d at 1266 (citations omitted). Although a plaintiff "need not do much" to plead individual or enterprise coverage, this Court has held that a plaintiff fails to adequately plead individual coverage where the plaintiff does not allege specific facts concerning the nature of the plaintiff's work and whether the work involved a connection to interstate commerce. *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F.Supp.2d 1373, 1377 (S.D. Fla. 2012) (Scola, J.); *see also Perez v. Muab, Inc.*, No. 10-62441, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (Cohn, J.) (mere

recitation of the statutory language that an individual was engaged in commerce is insufficient to allege individual coverage). Since the Plaintiff has not alleged any facts establishing a connection to interstate commerce, the Plaintiff has not sufficiently pleaded individual coverage under the FLSA.

An employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually. 29 U.S.C. § 203(s)(1)(A). "To satisfy the first prong, [a] [p]laintiff must demonstrate that, on a regular and recurrent basis, at least two of [the] [d]efendants' employees engaged in commerce or handled goods and material that have been moved in commerce." *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 *S.D. Fla. 2009) (Ungaro, J.); *see also Polycarpe v. E & S Landscaping Serv., Inc. (Polycarpe I),* 616 F.3d 1217, 1220 (11th Cir. 2010) ("If an employer ha[s] two or more workers engaged in commerce or the production of goods for commerce, the FLSA coverage extend[s] to all of the enterprise's employees.").

The Plaintiff argues that his allegation that Defendant HLM Protective Service, Inc.'s revenue exceeds $500,000 annually is sufficient on its own to establish coverage under the FLSA. (Resp. at 5.) However, the clear language of the statute requires that an employer have *both* revenue of at least $500,000 annually *and* employees engaged in interstate commerce. *See* 29 U.S.C. § 203(s)(1)(A). The only non-conclusory allegation in the Complaint concerning the nature of the Defendants' business is that the "Defendants were engaged in providing security services at various sites within the Southern District of Florida." (Compl. ¶ 10.) Again, although the Court recognizes that an FLSA plaintiff "need not do much" to allege enterprise coverage, *Ceant*, 874 F. Supp. 2d at 1378, a plaintiff must provide the "factual underpinnings" which support his general allegations and legal conclusions, *Pardue v. Specialty Eng'g Consultants, Inc.*, 85 F. Supp. 3d 1347, 1349–50 (S.D. Fla. 2015) (Marra, J.). Since the Complaint is devoid of any factual allegations showing that the security services provided by the Defendants meet the requirements for enterprise coverage, the Plaintiff has failed to adequately plead enterprise coverage. *See Ceant*, 874 F.Supp.2d at 1377 (holding that plaintiff did not adequately plead enterprise coverage because the complaint did not "allege what kind of transportation services [the defendant] provides to customers or whether such services are tied to interstate commerce."); *Perez*, 2011 WL 845818, at *2 (holding that plaintiff did not adequately plead enterprise coverage because the complaint was "devoid of facts.").

### 3. Conclusion

Accordingly, the Defendants' Motion to Dismiss is **granted** (**ECF No. 13**), and the Complaint is dismissed without prejudice. If the Plaintiff is able to correct the deficiencies identified above, he may file an amended complaint on or before **November 6, 2017**.

**Done and ordered**, Miami, Florida, on October 27, 2017.

                                                  Robert N. Scola, Jr.
                                                United States District Judge